**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

LINDSAY DUKE

Plaintiff,

v.

TORONTO-DOMINION BANK

Defendant.

Case No.

# COMPLAINT

NOW COMES Plaintiff, LINDSAY DUKE ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant TORONTO-DOMINION BANK. ("TDBANK" or "Defendant"):

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## Parties

2. Plaintiff is a natural person at all times relevant residing in Polk County, in the City of Goodrich, in the State of Texas.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TDBANK is a Canadian multinational financial corporation that operates in the United States with its principal place of business located in Cherry Hill, New Jersey.

5. Defendant TDBANK is a "person," as defined by 47 U.S.C. §153 (39).

6. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

7. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides within this District, and a substantial part of the events or omissions giving rise to the herein claims occurred within this District. Defendant is a resident of this District according to 28 U.S.C. § 1391(c)(2) as they are subject to the court's personal jurisdiction by having their principal place of business in this District.

**Facts**

9. Plaintiff is a consumer who is the victim of inaccurate reporting by TDBANK regarding a credit account that she had with TDBANK.

10. Credit Reporting Agencies (e.g., Trans Union, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., hereinafter referred to as "CRA" or "CRAs") have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

11. Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

12. Furnishers are also prohibited from furnishing information they know or should know is inaccurate.

13. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with TDBANK, an inaccuracy found in three different credit reports published by CRAs based on the information provided to them by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update their reporting of the account in question to the CRAs:

14. On or about January 13, 2025, Plaintiff and TDBANK, entered into an agreement to settle an account ending in 2257 (the "Account") for $2,257.86.

15. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $2,257.86 on or around January 30, 2025 fully satisfying the settlement agreement and Account.

16. On or around March 18, 2025, Plaintiff received copies of her credit report from three CRAs, which, to her surprise, were incorrect. Upon information and belief, Defendant TDBANK reported incorrect information regarding the Account to the CRAs.

17. Specifically, Experian and Trans Union reported the Account status as "Charge-off" with a past-due, outstanding balance of $1,215.00. Additionally, both CRAs failed to accurately report the payment history on the Account.

18. Defendant's failure to furnish accurate information regarding Plaintiff's account harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

19. On March 24, 2025, Plaintiff issued disputes by mail to the two CRAs regarding the incorrect information being reported on the Account.

20. In her dispute letter, Plaintiff disputed the incorrect entry in her credit reports that the Account still had an outstanding balance that was past due and disputed the incorrect status and payment history. Plaintiff also included proof of the agreement between herself and TDBANK and proof of the payments made in satisfaction of the agreement.

21. Upon information and belief, pursuant to their obligations under the FCRA, the two CRAs would have notified TDBANK of Plaintiff's dispute within five days of receipt of the disputes.

22. Further, upon information and belief, the two CRAs would have sent the documentation Plaintiff included in her dispute letters to TDBANK, including the terms of the settlement and proof of the payments.

23. Despite her very specific dispute to the two CRAs who Defendant was furnishing inaccurate information to, Plaintiff received two more credit reports from the two CRAs post-dispute which reflected no update in the account's reported information. Upon information and belief, this is because Defendant continued to furnish inaccurate information about Plaintiff's Account.

24. At the time of filing this complaint, the three CRAs continue to report the Account inaccurately, which is based on the inaccurate information being furnished by Defendant.

25. Upon information and belief, the three CRAs continue to report this information because of TDBANK's furnishing of incorrect information regarding the Account to the CRAs.

26. Additionally, upon information and belief, TDBANK failed to conduct a reasonable investigation into the information about the Account it furnished to the two CRAs.

27. If TDBANK had complied with its duties to reinvestigate the Account when it received notice of the dispute, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

28. Further, TDBANK continues to furnish information regarding the Account that it knows or should know is inaccurate.

29. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

30. Further, Plaintiff has hesitated to apply for credit until this inaccuracy is resolved.

## COUNT I – TORONTO-DOMINION BANK
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. After receiving Plaintiff's disputes, TDBANK failed to reasonably reinvestigate its reporting of the information regarding the TDBANK Account reporting on Plaintiff's consumer report.

33. TDBANK violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of TDBANK's representations to the two CRAs.

34. As a result of this conduct, action, and inaction of TDBANK, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation,

emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35. TDBANK's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

36. In the alternative, TDBANK was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

37. Plaintiff is entitled to recover costs and attorneys' fees from TDBANK, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;
b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;
c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and
d) Any further legal and equitable relief as the court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 02/03/2026

Respectfully submitted,

*/s/ Jeffrey Lohman*

Jeffrey Lohman
Gator Law, P.C.
2 N Central Avenue, Suite 1800
Phoenix, AZ 85004

P: (385) 324-5471
E: attorneys@gatorlawpc.com
Attorneys for Plaintiff,
LINDSAY DUKE